### JAMES McWILLIAMS BLUE LINE v. PAYNE, Director General, etc. (Pennsylvania R. R.).

### McWILLIAMS BROS., Inc., v. SAME.

(District Court, E. D. New York. May 28, 1921.)

**Towage ⚙️➡️19—Tug liable for causing moored boats to go adrift.**

    A towing tug, which tied up boats in her tow to others moored to a pier during high wind, the additional strain causing breaking of the lines to the pier, *held* liable for injuries sustained by any of the boats so set adrift.

In Admiralty. Suits by the James McWilliams Blue Line and by McWilliams Bros., Incorporated, against John Barton Payne, Director General of Railroads, as operator of the Pennsylvania Railroad. Decrees for libelants.

Herbert Green, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City, for respondent.

GARVIN, District Judge. These are libels to recover for injuries to scows which broke adrift while moored at or close by a dock near Newtown creek, on February 4, 1920. The tug Overbrook, belonging to the respondent, brought up a tow about 6 o'clock p. m. on that day. It was blowing hard, and had been snowing since morning. Respondent's witnesses testified that the Overbrook placed several boats from

her tow directly at the pier nearest Newtown creek to the south. The testimony of the libelants is that the boats were made fast to boats already moored to the second pier south of the creek.

Upon this disputed question of fact, I find for libelants. The cause of the going adrift of the boats was the failure of the Overbrook to make secure that part of her tow which she left. In placing the boats next to others lying at the pier (which had remained there in safety for some time before the tow arrived) the Overbrook caused strain to be put upon the lines which held the Lehigh No. 33 to the dock. These lines parted, as the tide turned and began to run out strong, aided by the wind, and the lines of the Lehigh No. 33 broke, thus setting adrift a number of boats, three of which, the Yankee, owned by McWilliams Bros., Incorporated, and the Blue Girl and the W. H. Elliot, owned by James McWilliams Blue Line, were finally injured. The Yankee actually was sunk. As the boats were safely moored until the Overbrook arrived, she is responsible for the damage. Authorities in point are: The Walter Green (C. C. A.) 266 Fed. 269; The Wm. Guinan Howard, 252 Fed. 85, 164 C. C. A. 197; The P. I. Nevius, 67 Fed. 158, 14 C. C. A. 355; The Ganoga, 257 Fed. 720, 169 C. C. A. 8. Two of the injured scows were at the mooring place when the Overbrook arrived. The third, The Yankee, was in the Overbrook's tow.

It is claimed by the respondent that there is an additional reason for dismissing the suit brought by McWilliams Bros., Incorporated, for the sinking of the Yankee, in that the respondent wrote to the libelant, stating that the respondent would not be responsible for injuries to a boat damaged while in tow by any of respondent's tugs. The libelant, however, promptly replied stating in effect that it would decline to abide by any such disclaimer of responsibility. There was, therefore, no meeting of minds by which it was mutually agreed that there was to be any change in the respondent's liability.

The libelant in each case may have a decree, with the usual references to a master to compute the damage.